IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. DAVID B. GARDNER**

**Appeal from the Circuit Court for Robertson County**
**No. 9790        Jill Bartee Ayers, Judge**

_____

**No. M2018-00289-CCA-R3-CD**

_____

Petitioner, David B. Gardner, appeals the denial of his petition for a writ of error coram nobis based upon newly discovered evidence. After thoroughly reviewing the record and applicable authorities, we affirm the judgment of the error coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Benjamin K. Dean, Springfield, Tennessee, for the appellant, David B. Gardner.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

Petitioner was convicted on October 11, 1995, of burglary and theft of property less than $500 in value. The trial court imposed an effective sentence of twelve years to be served in the Department of Correction. The judgments were signed on December 8, 1995, and filed in January 1996, along with an amended judgment for burglary reflecting Defendant's offender classification being changed from Range I standard offender to Career Offender. No amended judgment for the theft conviction is in the record.

On October 10, 2017, Petitioner filed an untimely petition for writ of error coram nobis claiming he recently discovered that the prosecutor at his trial had a conflict of

interest, which constituted newly discovered evidence. According to the petition, the prosecutor was Petitioner's defense attorney on a case in 1980 when he pled guilty to forgery and receipt of stolen property. Petitioner asserted that the prosecutor was engaged to the victim in the 1980 case at the time of the guilty plea and later married her. Petitioner claimed that the prosecutor "intentionally conspired with the Court to alter Petitioner's judgments [sic], whereas the judgments [sic] were changed from 30% to 60% to effectively give Petitioner more time in the T.D.O.C." Petitioner further claimed that since the prosecutor's marriage to the victim, the prosecutor "has sought revenge upon the Petitioner by keeping him illegally incarcerated." Petitioner alleged that he was without fault for failing to present the newly discovered evidence at the proper time because the State and the prosecutor "concealed the evidence from Petitioner and all other attorneys for Petitioner. Thus due process and equitable tolling should toll any applicable statute of limitations or procedural bars." Petitioner argued that the newly discovered evidence "would have resulted in a different judgment because Petitioner would have never been charged had it not been for the malicious prosecution."

The coram nobis court dismissed the petition for writ of error coram nobis finding that the petition did not state a colorable claim. The court also found that the writ "does not present any new evidence that would have resulted in a different judgment." Concerning the judgment form for Petitioner's burglary conviction, the coram nobis court noted that the "documentation at the sentencing was that [Petitioner] was a career offender and it just got marked wrong the first time around and so then, it was corrected."

*Analysis*

On appeal, Petitioner argues that he is entitled to error coram nobis relief based on newly discovered evidence. Petitioner asserts a conflict of interest by the prosecutor and that such evidence would have resulted in a different judgment had it been presented at trial. Petitioner further argues that the coram nobis court erred by summarily dismissing his petition for writ of error coram nobis without an evidentiary hearing. He argues in his brief that,

> It should be noted, that due to the trial court not allowing any substantive hearing or testimony on the [Petitioner's] writ hearing, that no proof regarding the specific details of the conflict of interest and alleged conspiracy by [the prosecutor] were developed for the appellate record. Without these facts and evidence, this Court cannot make a complete determination of the facts surrounding these circumstances, to include facts as to whether the [Petitioner's] Motion is timely or otherwise tolled due to due process issues (none of which are before the Court due to the scant record permitted to be developed by the Trial Court).

- 2 -

Thus, the primary issue presented in this case is – whether the alleged conflicts of interest of the prosecutor (inter alia an alleged conspiracy/bias/motive against the [Petitioner] by [the prosecutor] based on the prior case involving his wife as a victim) are sufficient to support the [Petitioner's] petition for writ of error coram nobis and sufficient to warrant the Court allowing and permitting the [Petitioner] to present testimony regarding the newly discovered evidence at an evidentiary hearing, and also with the assistance of counsel, which was deprived by the Trial Court.

The State responds that the error coram nobis court properly dismissed the petition for writ of error coram nobis as it was filed nearly 21 years after the expiration of the statute of limitations, Petitioner's "'newly discovered evidence' was discoverable at the time of trial, and he failed to show that the 'new evidence' might have affected the result at trial." Petitioner clearly acknowledged the statute of limitations issue in his petition and in his brief on appeal.

A writ of error coram nobis is a very limited remedy which allows a petitioner the opportunity to present newly discovered evidence "which may have resulted in a different verdict if heard by the jury at trial." *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *see also State v. Mixon*, 983 S.W.2d 661 (Tenn. 1999). The remedy is limited "to matters that were not and could not be litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas proceeding." T.C.A. § 40-26-105. Examples of newly discovered evidence include a victim's recanted testimony or physical evidence which casts doubts on the guilt of the Petitioner. *Workman*, 41 S.W.3d at 101; *State v. Ratliff*, 71 S.W.3d 291 (Tenn. Crim. App. 2001); *State v. Hart*, 911 S.W.2d 371 (Tenn. Crim. App. 1995). The supreme court has stated the following concerning the standard to be applied when a trial court reviews a petition for writ of error coram nobis:

[T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

*State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). Whether to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Id.* at 527-28. Summary dismissal, without discovery or an evidentiary hearing, is permissible when a petition for writ of error coram nobis is insufficient on its face. *Nunley v. State*, 552 S.W.3d 800, 826 (Tenn. 2018).

A petition for writ of error coram nobis must be dismissed as untimely filed unless filed within one (1) year of the date on which the petitioner's judgment of conviction became final in the trial court. *Mixon*, 983 S.W.2d at 670. The only exception to this is when due process requires a tolling of the statute of limitations. *Workman*, 41 S.W.3d at 103. Petitioner does not dispute that his petition for writ of error coram nobis was not timely filed. In this case, Petitioner was convicted by a jury October 11, 1995. The judgment forms were entered on December 8, 1995. Petitioner's petition for writ of error coram nobis was not filed until October 10, 2017, well outside of the limitations period.

Furthermore, we find that the error coram nobis court properly dismissed the petition for writ of error coram nobis on its face without an evidentiary hearing. Petitioner has not alleged any grounds that would require a tolling of the statute of limitations. Petitioner contends that the prosecutor's alleged conflict of interest at the time of trial constitutes newly discovered evidence that would toll the statute of limitations and that he did not know of the conflict because the State and the prosecutor concealed it from him and his attorneys. However, this does not warrant tolling of the statute of limitations. This court has held in a case where a petitioner sought relief based upon his trial counsel's alleged conflict of interest,

> In any event, coram nobis relief is limited to matters involving 'subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.' T.C.A. § 40-26-105(b). **Evidence of a conflict of interest[] does not qualify as newly discovered evidence** as contemplated by our statutes. Trial counsel's previous representation had no impact on the outcome of the Petitioner's trial because it had no relevance to whether the Petitioner shot and killed the victim. As a result, the Petitioner is not entitled to relief of this basis.

*Dennis Cedric Woodard v. State*, No. M2015-02002-CCA-R3-ECN, 2016 WL 6599604, at *17 (Tenn. Crim. App., Nov. 8, 2016)(Emphasis added). Petitioner asserts that the prosecutor in Petitioner's trial which resulted in the challenged convictions represented Petitioner fifteen years earlier in a case wherein the prosecutor's current wife was the victim. She was not the wife of the prosecutor at the time of the earlier convictions. Petitioner alleges the prosecutor "conspired with the Court" to alter his judgment to seek "revenge upon the Petitioner by keeping him illegally incarcerated."

Because the petition for writ of error coram nobis was untimely and tolling of the statute of limitations is not required, the error coram nobis court properly dismissed the petition without an evidentiary hearing. The record conclusively shows that the

prosecutor's marital status had no relevance as to whether Petitioner was guilty of the 1995 cases for which he was convicted after a jury trial. Petitioner was sentenced as a career offender but due to a clerical error, the original judgment reflected a sentence for burglary as a standard offender. An amended judgment was properly entered showing service of the twelve-year sentence as a career offender.

## CONCLUSION

Accordingly, the judgment of the error coram nobis court is affirmed.

_____
THOMAS T. WOODALL, JUDGE